**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x

THE ESTATE OF YARON UNGAR, by and : 
through its Administrator, David Strachman, DVIR : 
UNGAR, minor, by his guardians and next friends, : 
YISHAI UNGAR, minor, by his guardians and next : 
friends, PROFESSOR MEIR UNGAR, JUDITH : 
UNGAR, individually and in their capacity as legal : 
guardians of Petitioners Dvir and Yishai Ungar, : 
RABBI URI DASBERG, JUDITH DASBERG, in : 
their capacity as legal guardians of Petitioners Dvir : **Case No. 09-cv-1227 (PKC)**
and Yishai Ungar, AMICHAI UNGAR, DAFNA : 
UNGAR and MICHAL COHEN, : 

              Petitioners/Judgment Creditors, : 

           - against - : 

NATIONAL BANK OF EGYPT : 
23rd July St. – El Saleh Square : 
El Arish, Egypt, : 

              Respondent/Garnishee. : 

---------------------------------------------------------------- x

## DECLARATION OF KARL GEERCKEN

Karl Geercken, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury as follows:

1.      I am a member of the law firm of Alston & Bird LLP, counsel for the National Bank of Egypt ("NBE"), Respondent in the above-captioned action.

2.      I submit this declaration in support of NBE's Motion to Dismiss the Petition for Turnover (the "Petition") brought by the Estate of Ungar, et al., ("Petitioners") in the above-captioned action. I make this declaration based upon my personal knowledge and a review of the exhibits attached hereto.

3.      Attached hereto as Exhibit A is a true and correct copy of the Petition, filed on February 10, 2009, Docket Entry No. 1.

4.     Petitioners allege that they hold an unsatisfied judgment in the amount of $116,409,123.00 against the Hamas terrorist organization which was entered by the U.S. District Court for the District of Rhode Island on February 11, 2004, in an action entitled *The Estates of Ungar, et al. v. The Palestinian Authority, et al.*, under Case Number 00-105L (the "Rhode Island Action"). Petitioners assert that their claim against the NBE arises from this unsatisfied judgment. *See* Petition at ¶¶ 1, 2, 3, 4.

5.     Attached hereto as Exhibit B is a true and correct copy of the Second Amended Judgment for the Rhode Island Action, dated February 11, 2004. The case caption shows the parties to the Rhode Island Action and that neither NBE, the State of Egypt nor any of its agencies or instrumentalities was a party thereto. Ayman Taha, alleged to be a Hamas leader in the Petition, also was not a party to the Rhode Island Action.

6.     Attached hereto as Exhibit C is a true and correct copy of the State Sponsors of Terrorism, a list provided by the U.S. Department of State, available at http://www.state.gov/s/ct/c14151.htm (last visited September 29, 2009).

7.     Attached hereto as Exhibit D is a true and correct copy of Executive Order 13224, Office of the Coordinator for Counterterrorism, of the U.S. Department of State, dated September 23, 2001, available at http://www.state.gov/s/ct/rls/other/des/122570.htm.

8.     Attached hereto as Exhibit E is a true and correct copy of What You Need to Know About U.S. Sanctions, dated September 1, 2009, by the U.S. Department of the Treasury, Office of Foreign Assets Control, available at http://www.treasury.gov/offices/enforcement/ ofac/programs/terror/terror.pdf.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in New York, New York on September 30, 2009.

_____
Karl Geercken

31550366